UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **JOHN PATRICK JAMES,** <br> **TDCJ No. 01700754,** <br><br> Petitioner, <br><br> v. <br><br> **BOBBY LUMPKIN, Director,** <br> **Texas Department of Criminal Justice,** <br> **Correctional Institutions Division,** <br><br> Respondent. | §§§§§§§§§§§§§§ | **CIVIL NO. SA-21-CA-01079-XR** |

**MEMORANDUM OPINION AND ORDER**

Before the Court are *pro se* Petitioner John Patrick James's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1), Respondent Bobby Lumpkin's Answer (ECF No. 6), and Petitioner's Reply thereto (ECF No. 8). Petitioner challenges the constitutionality of his 2011 state court conviction for aggravated robbery, arguing that the trial court and prosecution withheld favorable evidence in violation of *Brady v. Maryland*[1] and that he received ineffective assistance from his counsel on appeal. In his Answer, Respondent contends Petitioner's federal habeas petition should be dismissed with prejudice as untimely.

Having carefully considered the record and pleadings submitted by both parties, the Court agrees with Respondent that Petitioner's allegations are barred from federal habeas review by the one-year statute of limitations embodied in 28 U.S.C. § 2244(d)(1). Thus, for the reasons discussed below, the Court concludes Petitioner is not entitled to federal habeas corpus relief or a certificate of appealability.

---

[1] 373 U.S. 83 (1963).

## I. Background

In February 2011, a Bexar County jury convicted Petitioner of aggravated robbery (enhanced) and sentenced him to twenty-eight years of imprisonment. *State v. James*, No. 2008CR9766 (437th Dist. Ct., Bexar Cnty., Tex. Feb. 10, 2011); (ECF No. 7-7 at 50-51). The Texas Fourth Court of Appeals affirmed his conviction on direct appeal. *James v. State*, No. 04-11-00111-CR (Tex. App.—San Antonio, Nov. 9, 2011, no. pet.); (ECF No. 7-1). Petitioner did not file a petition for discretionary review (PDR) with the Texas Court of Criminal Appeals. (ECF No. 6-1).[2]

Instead, Petitioner challenged his conviction and sentence by filing three state habeas corpus applications. *Ex parte James*, Nos. 75,583-01 through -03 (Tex. Crim. App.). Petitioner's first state habeas application, filed January 31, 2011, was dismissed by the Texas Court of Criminal Appeals on March 30, 2011, because Petitioner's direct appeal was still pending. (ECF No. 7-18 at 1, 6-20). Petitioner filed a second state habeas application on February 21, 2012, which the Texas Court of Criminal Appeals denied on September 26, 2012. (ECF No. 7-19 at 2, 6-35). Petitioner then waited until September 17, 2020, to file his third state habeas application, which the Texas Court of Criminal Appeals ultimately dismissed on February 10, 2021, as a successive petition pursuant to Tex. Code. Crim. Proc. Art. 11.07, Sec. 4. (ECF Nos. 7-20, 7-27 at 4-19). Thereafter, Petitioner placed the instant federal habeas petition in the prison mail system on September 20, 2021. (ECF No. 1 at 11).

## II. Timeliness Analysis

Respondent contends Petitioner's federal habeas petition is barred by the one-year limitation period of 28 U.S.C. § 2244(d). Section 2244(d) provides, in relevant part, that:

---

[2]   *See also* http://www.search.txcourts.gov, search for "James, John Patrick" last visited March 16, 2022.

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.
>
> * * *
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

In this case, Petitioner's conviction became final December 9, 2011, when the time for filing a PDR with the Texas Court of Criminal Appeals expired. *See* Tex. R. App. P. 68.2 (providing a PDR must be filed within thirty days following entry of the court of appeals' judgment); *Mark v. Thaler*, 646 F.3d 191, 193 (5th Cir. 2011) (holding that when a petitioner elects not to file a PDR, his conviction becomes final under AEDPA at the end of the 30-day period in which he could have filed the petition) (citation omitted). As a result, the limitations period under § 2244(d) for filing a federal habeas petition challenging his underlying conviction and sentence expired a year later on Monday, December 10, 2012.[3] As Petitioner did not file the instant § 2254 petition until September 2021, it appears to be untimely by almost nine years.

Petitioner seems to concede that his last three claims regarding the effectiveness of his appellate counsel are untimely, but argues that his first two claims alleging *Brady* violations are based on "newly discovered" evidence. (ECF Nos. 1-1, 8). These two claims allege that both the trial court and the prosecution withheld police reports that contain evidence favorable to his defense. According to Petitioner, the factual predicate of this claim could not have been

---

[3] Because the end of the limitations period fell on a Sunday, the limitations period continued to run until the following Monday. *See Flanagan v. Johnson*, 154 F.3d 196, 202 (5th Cir. 1998) (finding Rule 6(a) of the Federal Rules of Civil Procedure applies to computation of AEDPA's limitations period).

3

discovered until March 16, 2018, the date the trial court finally sent him a copy of the police reports after numerous requests. (ECF No. 8 at 2).

Giving Petitioner the benefit of the doubt and assuming this to be true, the limitations period under § 2244(d) for filing a federal habeas petition still expired a year later in March 2019. Because Petitioner did not file his § 2254 petition until September 2021, his first two claims are still barred by AEDPA's one-year statute of limitations by two and a half years unless either statutory or equitable tolling applies.

**A.      Statutory Tolling**

Petitioner does not satisfy any of the statutory tolling provisions found under 28 U.S.C. § 2244(d)(1). There has been no showing of an impediment created by the state government that violated the Constitution or federal law which prevented Petitioner from filing a timely petition. 28 U.S.C. § 2244(d)(1)(B). There has also been no showing of a newly recognized constitutional right upon which the petition is based, and there is no indication that Petitioner's claims could not have been discovered earlier through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(C)-(D).

Petitioner is, however, entitled to statutory tolling under 28 U.S.C. § 2244(d)(2). Section 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." As discussed previously, Petitioner challenged the constitutionality of his state court conviction and sentence by filing his second state habeas application on February 21, 2012, which was eventually denied by the Texas Court of Criminal Appeals on September 26, 2012. Accordingly, Petitioner's

second state habeas application tolled the limitations period for a total of 219 days, making his federal petition due July 17, 2013.[4]

Although Petitioner is entitled to statutory tolling under § 2244(d)(2) for his second state habeas application, the third application he later filed does not afford him the same courtesy. The third state habeas application was not filed until September 2020, well after the time for filing a federal petition under § 2244(d)(1) had already lapsed. This is true even if the Court assumes that the factual predicate of Petitioner's first two claims was not discoverable until March 2018 as he now asserts. As a result, the third application does not toll the one-year limitations period for any of Petitioner's claims. *See* 28 U.S.C. § 2244(d)(2); *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

Consequently, Petitioner's limitations period for filing a federal petition challenging his conviction and sentence still expired July 17, 2013. Assuming his *Brady* claims could not have been discovered until March 2018, the limitations period to raise these claims in a federal petition still expired a year later in March 2019. Again, Petitioner did not file the instant § 2254 petition until September 2021, well after the limitations period expired under either § 2244(d)(1)(A) or § 2244(d)(1)(D).

**B.     Equitable Tolling**

In some cases, the limitations period may be subject to equitable tolling. The Supreme Court has made clear that a federal habeas corpus petitioner may avail himself of the doctrine of equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that

---

[4] Petitioner's first state habeas application does not toll the limitations period because it was filed and dismissed prior to the start of the limitations period in December 2011. It also does not operate to toll the limitations period because it was not properly filed. *See Artuz v. Bennett*, 531 U.S. 4, 8 (2000) ( "[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings.").

some extraordinary circumstance stood in his way and prevented timely filing." *McQuiggin v. Perkins*, 569 U.S. 383, 391 (2013) (citing *Holland v. Florida*, 560 U.S. 631, 649 (2010)). However, equitable tolling is only available in cases presenting "rare and exceptional circumstances," *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002), and is "not intended for those who sleep on their rights." *Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012).

Petitioner fails to establish that equitable tolling should apply in this case. In his petition and reply, Petitioner refers to a witness statement from a Claudia Reeves that allegedly supports his *Brady* allegations. Petitioner contends the limitations period should be tolled because the statement has only become recently available following the conclusion of his third state habeas proceedings. Yet, the statement in question is from August 2008—well before Petitioner's trial—and Petitioner admits he was in possession of the statement by January 2021, at the latest. (ECF No. 8 at 4, 11). Moreover, it is unclear how this statement could now be considered an "extraordinary circumstance" that justifies equitable tolling, as the statement itself only appears to supplement Petitioner's *Brady* allegations that have been available since at least March 2018.

Even with the benefit of liberal construction, Petitioner has provided no reasonable justification to this Court for the application of equitable tolling, and a petitioner's ignorance of the law, lack of legal training or representation, and unfamiliarity with the legal process do not rise to the level of a rare or exceptional circumstance which would warrant equitable tolling of the limitations period. *U.S. v. Petty*, 530 F.3d 361, 365-66 (5th Cir. 2008); *see also Sutton v. Cain*, 722 F.3d 312, 316-17 (5th Cir. 2013) (a garden variety claim of excusable neglect does not warrant equitable tolling).

Regardless, Petitioner also fails to demonstrate that he has been pursuing his rights diligently. Petitioner waited eight years after the denial of his second state habeas application to

filed his third state habeas application raising the claims contained in the instant § 2254 petition. This delay alone weighs against a finding of diligence. *See Stroman v. Thaler*, 603 F.3d 299, 302 (5th Cir. 2010) (affirming the denial of equitable tolling where the petitioner had waited seven months to file his state application). Further, Petitioner fails to provide any legitimate reason why he waited over seven months after the Texas Court of Criminal Appeals dismissed his third state habeas application in February 2021 before filing the instant federal petition in this Court, much less establish that his claims could not have been discovered and presented earlier.

Consequently, because Petitioner fails to assert any specific facts showing that he was prevented, despite the exercise of due diligence on his part, from timely filing his federal habeas corpus petition in this Court, his petition is untimely and barred by § 2244(d)(1).

### III.  Certificate of Appealability

The Court must now determine whether to issue a certificate of appealability (COA). *See* Rule 11(a) of the Rules Governing § 2254 Proceedings; *Miller–El v. Cockrell,* 537 U.S. 322, 335-36 (2003) (citing 28 U.S.C. § 2253(c)(1)). A COA may issue only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Supreme Court has explained that the showing required under § 2253(c)(2) is straightforward when a district court has rejected a petitioner's constitutional claims on the merits: The petitioner must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). This requires a petitioner to show "that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller–El*, 537 U.S. at 336 (citation omitted).

The issue becomes somewhat more complicated when the district court denies relief on procedural grounds. *Id*. In that case, the petitioner seeking COA must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (citing *Slack,* 529 U.S. at 484). In that case, a COA should issue if the petitioner *not only* shows that the lower court's procedural ruling is debatable among jurists of reason*,* but also makes a substantial showing of the denial of a constitutional right.

A district court may deny a COA *sua sponte* without requiring further briefing or argument. *See Alexander v. Johnson,* 211 F.3d 895, 898 (5th Cir. 2000). The one-year statute of limitations found in the AEDPA has been in place since 1996, yet Petitioner provided no reasonable justification for missing the filing deadline. Thus, for the reasons discussed herein, the Court concludes that jurists of reason would not debate whether Petitioner was entitled to federal habeas relief. As such, a COA will not issue.

## IV. Conclusion

After careful consideration, the Court concludes that Petitioner's § 2254 petition (ECF No. 1) is barred from federal habeas corpus relief by the statute of limitations set forth in 28 U.S.C. § 2244(d). As a result, Petitioner is not entitled to federal habeas corpus relief.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Federal habeas corpus relief is **DENIED** and Petitioner John Patrick James's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1) is **DISMISSED WITH PREJUDICE** as untimely;

2. No Certificate of Appealability shall issue in this case; and

3.     All remaining motions, if any, are **DENIED**, and this case is now **CLOSED**.

It is so **ORDERED**.

SIGNED this 17th day of March, 2022.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE